CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 14 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JAMES ANDREW CAMPBELL, | ) | CASE NO. 7:17CV00550 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| C. RATLEDGE, WARDEN, | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

James Andrew Campbell, an inmate at the United States Penitentiary in Lee County, Virginia, filed this action, pro se, as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Campbell alleges that he should be resentenced, because his federal criminal sentence under the Career Offender guideline is unlawful under Mathis v. United States, __U.S.__, 136 S. Ct. 2243 (2016), Johnson v. United States, __U.S.__, 135 S. Ct. 2551 (2015), and Beckles v. United States, __U.S.__, 137 S. Ct. 886 (2017). Upon review of the record, the court concludes that Campbell has no cognizable claim for relief under § 2241 in this court, but his pleading is appropriately construed as a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255 and transferred to the sentencing court.

Campbell's petition and court records available online indicate that a jury in the United States District Court for the Middle District of Florida found Campbell guilty of distributing, possessing, and manufacturing narcotics. The Court sentenced Campbell to 360 months in prison on Count One, with concurrent terms of 240 months on Counts Two and Three. The judgment was affirmed on appeal, and Campbell's § 2255 motion in the trial court was unsuccessful. As stated, Campbell now petitions this court under § 2241 for habeas corpus relief under the Mathis, Johnson, and Beckles decisions, seeking to be resentenced. Campbell believes that his sentence is unconstitutional because a prior conviction for battery of a law enforcement

officer that was used to enhance the sentence allegedly no longer qualifies as a predicate offense under the Career Offender guideline.

As such, Campbell's claim challenges the legality of his federal sentence as imposed. Such claims must normally be raised on appeal or in a § 2255 motion in the sentencing court. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). Campbell's § 2241 petition raising such claims is barred unless it meets the stringent standard mandated under the In re Jones decision. Id. at 333-34 (finding that challenge to federal conviction is barred from review under § 2241 absent a showing that under a post-conviction change in the law, petitioner's offense conduct is no longer criminal). Because none of the decisions on which Campbell relies had any effect on the criminality of his federal offense conduct, he cannot proceed with his claim under § 2241. Therefore, the court will deny relief under § 2241, construe Campbell's submission as a § 2255 motion, and transfer it to the United States District Court for the Middle District of Florida, Tampa Division, for further proceedings as warranted. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to Campbell.

ENTER: This 14th day of December, 2017.

_____
Senior United States District Judge